**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                   No. CR 13-2723 RB

ABEL ROMERO,

       Defendant.

<u>**MEMORANDUM OPINION AND ORDER**</u>

**THIS MATTER** comes before the Court on Defendant's Motion to Reduce Sentence, filed on November 14, 2018. (Doc. 116.) Having reviewed the Motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **denied**.

**I.      Background**

On December 5, 2013, pursuant to an 11(c)(1)(C) plea agreement, Mr. Romero pled guilty to ten counts in connection with his role in a drug trafficking organization, including: one count of conspiracy to distribute more than 500 grams of a mixture and substance containing a detectable amount of cocaine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); five counts of distribution of cocaine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2; three counts of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); and one count of felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(2) and 924(e). (*See* Doc. 88; *see also* Docs. 59; 89; 110.) The United States Probation Office drafted a Presentence Report (PSR)[1] and found that Mr. Romero's base offense level was 26 and his total offense level was 31. (PSR ¶¶ 22, 34.)

---

[1] All citations to the PSR are to the copy provided to the Court by the U.S. Department of Probation. The PSR has not been filed on CM/ECF.

Because Mr. Romero "was at least 18 years old at the time of the instant offense of conviction[,]" the offense was "a felony that [was] either a crime of violence or a controlled substance offense[,]" and he "has . . . two prior felony convictions of either a crime of violence or a controlled substance offense," the Court found that he was a "career offender" and, therefore, faced a longer sentence. (*See* PSR ¶ 29.) On February 11, 2015, the Court sentenced Mr. Romero to 131 months' imprisonment, followed by 3 years of supervised release. (Docs. 103, 105.) Mr. Romero has not filed an appeal or a prior motion for post-conviction relief. In a letter filed on November 14, 2018, Mr. Romero asks the Court whether the United States Supreme Court's decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018) or Amendment 782 has any impact on his sentence. (*See* Doc. 116.)

## II.    Analysis

"When a 'motion for [a] sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c).'" *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) (quoting *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (internal quotation and alteration omitted)). "Section 3582(c) provides that a 'court *may not* modify a term of imprisonment once it has been imposed except' in three limited circumstances." *Smartt*, 129 F.3d at 540–41 (quoting 18 U.S.C. § 3582(c); subsequent citation omitted). "First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)(i)–(ii)). "Second, a court may modify a sentence if such modification is 'otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" *Id.* (quoting 18 U.S.C. § 3582(c)(1)(B)). "Finally, a court may modify a sentence if 'a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C.

994(o).'" *Id.* (quoting 18 U.S.C. § 3582(c)(2)). Mr. Romero moves for a reduction under the third provision.

### A.    Amendment 782

Amendment 782 to the United States Sentencing Guidelines went into effect "on November 1, 2014, and applies retroactively." *United States v. Goodwin*, 635 F. App'x 490, 493 (10th Cir. 2015). "The amendment 'reduced the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the Guidelines minimum sentences for drug offenses.'" *United States v. Kurtz*, 819 F.3d 1230, 1234 (10th Cir. 2016) (quoting *Goodwin*, 635 F. App'x at 493 (citing U.S.S.G., suppl. to app. C, amend. 782 (2014)); subsequent citation omitted). Mr. Romero is not eligible for a reduced sentence under Amendment 782, however, because his sentence was based on his career offender status under United States Sentencing Guideline § 4B1.1, and not on United States Sentencing Guideline § 2D1.1. *See United States v. Washington*, 655 F. App'x 714, 716 (10th Cir. 2016).

### B.    *Hughes*

Mr. Romero also asks the Court to consider whether he is eligible for a reduction under *Hughes*, where "the Supreme Court held that a defendant is not categorically ineligible for Section 3582(c)(2) relief merely because he entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)." *United States v. Madrid*, No. 11-CR-2516-WJ, 2019 WL 184053, at *2 (D.N.M. Jan. 14, 2019). "Under *Hughes* a defendant who was sentenced under an 11(c)(1)(C) agreement may seek a sentence correction if his sentence was 'based on' a sentencing guideline range that was subsequently reduced by the Sentencing Commission." *Id.* (citing *Hughes*, 138 S. Ct. at 1775). "A sentence will be 'based on' a guidelines range 'if the range was a

basis for the court's exercise of discretion in imposing a sentence,' in that it was a foundation or starting point for the district court's sentencing calculation." *Id.* (citing *Hughes*, 138 S. Ct. at 1775).

The Court need not consider whether Mr. Romero's sentence is eligible for reduction in light of *Hughes*, however, because the Court based the sentence on his career-offender status. *See id.* Consequently, *Hughes* does not provide a basis for modification of his sentence under 18 U.S.C. § 3582(c)(2). *See id.* (citing *United States v. Wallace*, 742 F. App'x 354, 358 (10th Cir. 2018) ("holding that Amendment 782 and *Hughes* did not affect sentencing if Court relied on sentencing range based on a Defendant's career-offender status")).

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 116) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE